UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELVIN DAVID MOFFIT,

        Petitioner,

                                          Case No. 03-CV-72431
vs.                                        HON. GEORGE CARAM STEEH

BLAIN LAFLER,

        Respondent.

_____/

## ORDER DENYING MOTIONS FOR IMMEDIATE CONSIDERATION TO RECALL MANDATE (# 52) AND FOR DECLARATORY JUDGMENT (# 54)

Kelvin Moffit, a state prisoner appearing pro per, filed a petition for habeas relief under 28 U.S.C. § 2254 on July 2, 2003. In a 52-page opinion issued on July 1, 2004, the court dismissed the petition. On September 7, 2004, the court denied a certificate of appealability. On April 28, 2005, the Sixth Circuit Court of Appeals denied a certificate of appealability as to all issues. Moffit v. Lafler, No. 04-2170 (6th Cir. April 28, 2005).

On August 4, 2008, Moffit filed his instant motion for immediate consideration to "recall" the July 1, 2004 federal judgment dismissing his habeas petition, invoking Federal Rule of Civil Procedure 60(b) and alleging fraud relative to the September 4, 1998 state court judgment adjudicating Moffit guilty of four counts of first-degree criminal sexual conduct, M.C.L. § 750.520b(1)(a), and two counts of third-degree criminal sexual conduct, M.C.L. § 750.520d(1)(a), following a jury trial. Moffit asserts he was denied a hearing to determine whether probable cause existed to issue a criminal complaint charging him with the crimes, and therefore the state court lacked jurisdiction to render the judgment. Separately, Moffit filed a motion for declaratory judgment on December 12, 2008 seeking a declaration that the criminal statutes under which he was convicted are unconstitutional.

Moffit's motions constitute successive motions for a writ of habeas corpus. <u>Buell v. Anderson</u>, 48 Fed. App'x 491, 495 (6th Cir. Sept. 24, 2002). Before filing a successive motion for a writ of habeas corpus in district court, the petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the application. <u>Id</u>. (quoting 28 U.S.C. § 2244(b)(3)(A)). Moffit has failed to proffer such authorization from the Sixth Circuit Court of Appeals. Alternatively, Moffit's motions are wholly without legal merit. Moffit's argument that he was tried and convicted in state court without an initial hearing to determine whether probable cause existed for finding that he committed the charged crimes is simply belied by the record. <u>See</u> State Court Docket Sheets (# 18, #19). Contrary to Moffit's assertion, Respondent did not misrepresent the state court proceedings to this court. Moffit's constitutional argument in moving for declaratory relief is conclusionary and frivolous. Accordingly,

Moffit's motion for immediate consideration to recall mandate, and motion for declaratory relief, are hereby DENIED.

SO ORDERED.

Dated: December 16, 2008

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 16, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Deputy Clerk